## CARL SIMON v. GUST HAUT.[1]

July 7, 1905.

Nos. 14,314—(160)

**Pleading.**

In an action to recover for work and labor, the pleadings are construed, and *held* not to show conclusively that the labor for which plaintiff seeks to recover was performed in pursuance of an illegal contract.

Appeal by plaintiff from an order of the district court for Otter Tail county, Searle, J., denying a motion for a new trial. Reversed.

*Houpt & Field,* for appellant.

*A. G. Broker,* for respondent.

PER CURIAM.

This action was brought to recover the reasonable value of labor and services alleged to have been performed by plaintiff for defendant between certain dates named in the complaint. Defendant answered, setting up that the labor was performed under a specific contract by the terms of which plaintiff agreed to remain in defendant's employ for the term of one year; that, without cause or justification, he abandoned defendant's service and broke his contract before the expiration of the time of service agreed upon. And as a counterclaim, defendant alleged that in March, 1903, he paid out for and at the instance and request of plaintiff the sum of $72.50, for which defendant affirmatively demanded judgment against plaintiff. Plaintiff's reply to the answer was (1) a denial of the allegations of the answer that the labor for which recovery was sought was performed pursuant to a specific contract for a year's service; and (2) as to the counterclaim, alleged that on March 6, 1903, plaintiff was a foreigner, residing in Germany, and that at that time defendant, under an implied agreement that plaintiff would perform labor and services for him in the United States, prepaid the transportation of plaintiff from Germany to this country; and that the transportation so paid represents the amount claimed by defendant in his counterclaim. When the cause came on for trial, defendant moved for judgment on the pleadings, which motion the court granted, and plaintiff appealed from an order denying a new trial.

The order of the court granting defendant's motion for judgment was clearly erroneous. The complaint, as already stated, set up a cause of action for work and labor, but it does not allege that the work and labor performed was in pursuance of an agreement entered into in violation of the act of Congress prohibiting the importation of foreign labor. The an-

[1] Reported in 104 N. W. 129.

swer contains no such allegation, nor does that fact appear from the reply. The reply alleges only that plaintiff's transportation from Germany to the United States was paid by defendant upon his agreement to work for defendant after arriving in this country. It does not allege, nor are we permitted to assume, that the labor to recover which this action was brought was performed in pursuance of an illegal agreement. The trial court was therefore in error in ordering judgment for defendant.

Order reversed and new trial granted.